ACCEPTED
06-15-00050-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/14/2015 4:29:42 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00050-CR

## IN THE COURT OF APPEALS

## SIXTH COURT OF APPEALS DISTRICT

## TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/15/2015 10:49:00 AM
DEBBIE AUTREY
Clerk

---

**BRAD ALLEN DUNN**
**Appellant**

**V.**

**STATE OF TEXAS**
**Appellee**

---

**BRIEF OF APPELLANT,**
**BRAD ALLEN DUNN**

---

**CRAIG A. FLETCHER**
**ATTORNEY AT LAW**
**110 S. Bolivar, Ste 210**
**Marshall, Texas 75670**
**TELEPHONE: (903) 503.7676**
**TELEFAX: (903) 503.7680**

**ORAL ARGUMENT**
**NOT REQUESTED**

**CRAIG A. FLETCHER**
**State Bar No. 00792506**
**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

NAMES OF ALL PARTIES .................................................................................................. i

INDEX OF AUTHORITIES ............................................................................................... iii

INDEX OF ABBREVIATIONS ......................................................................................... iii

PRELIMINARY STATEMENT OF THE NATURE OF THE CASE ................................. 3

STATEMENT OF POINTS OF ERROR ........................................................................... 4

STATEMENT OF FACTS ................................................................................................. 4

BRIEF OF THE ARGUMENT .......................................................................................... 5

ARGUMENT AND AUTHORITY ..................................................................................... 5

PRAYER FOR RELIEF ..................................................................................................... 15

CERTIFICATE OF SERVICE .......................................................................................... 16

CERTIFICATE OF WORD COUNT ................................................................................ 16

# NAMES OF ALL PARTIES

**The parties to this action are:**

## Appellant
MR. BRAD ALLEN DUNN
TDCJ-ID 01988053
% Texas Department Criminal Justice
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

## Appellant's Counsel
HON. CRAIG A. FLETCHER
Attorney at Law
110 S. Bolivar, Ste 210
Marshall, Texas 75670

## State of Texas
HON. COKE SOLOMAN
Harrison County District Attorney
200 West Houston, Suite 206
Marshall, Texas 75670

**The parties' counsel before the Trial Court:**

**Appellant**
HON. SCOTT RECTENWALD
110 W. Fannin St.
Marshall, TX 75670

**State of Texas**
HON. COKE SOLOMAN
Harrison County District Attorney
200 West Houston, Suite 206
Marshall, Texas 75670

HON. KRISTIN KAYE
Harrison County Asst. District Attorney
200 West Houston, Suite 206
Marshall, Texas 75670

**The trial court judge:**

HON. BRAD MORIN
71st Judicial District Court
Harrison County, Texas
200 West Houston, Suite 219
Marshall, Texas 75670

# INDEX OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738 ........................................................................4

*Bradfield v. State*, 42 S.W.3d 350 (Tex. App.–Eastland 2001, pet. ref'd) ............. 13

*Curry v. State*, 30 S.W.3d 394 (Tex.Crim.App.2000) ........................................ 12

*Ex Parte Bratchett*, 513 S.W. 2d 851, 853 (Tex. Crim. App. 1974) ...................... 14

*Flores v. State*, 936 S.W.2d 478 (Tex. App.–Eastland 1996, pet. ref'd) ................ 13

*Gerhardt v. State*, 935 S.W.2d 192 (Tex. App.–Beaumont 1996, no pet.) ........... 13

*Harris v. State*, 164 S.W.3d 775 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd.)
................................................................................................................. 13

*King v. State*, 29 S.W.3d 556 (Tex.Crim.App.2000). ........................................ 12

*Losada v. State*, 721 S.W.2d 305, (Tex.Crim.App.1986) ................................... 12

*Muniz v. State*, 851 S.W.2d 238 (Tex.Crim.App.1993) ..................................... 12

*Salinas v. State*, 163 S.W.3d 734 (Tex.Crim.App.2005) .................................... 11

*Sharp v. State*, 707 S.W.2d 611 (Tex.Crim.App.1986) ...................................... 12

**Statutes**

Tex. Code Crim. Proc., Art 21.02 .............................................................................5

Tex. Code Crim. Proc., Art. 19.27 ...........................................................................6

Tex. Code Crim. Proc., Art. 26.01 ...........................................................................6

Tex. Code Crim. Proc., Art. 42.01 ......................................................................... 11

Tex. Penal Code, §19.02 .........................................................................................5

# INDEX OF ABBREVIATIONS

Clerk's Record ............................................................................................... CR

Reporter's Record ..........................................................................................RR

IN THE COURT OF APPEALS

SIXTH COURT OF APPEALS DISTRICT

TEXARKANA, TEXAS

---

**BRAD ALLEN DUNN**
Appellant

**V.**

**STATE OF TEXAS**
State

---

**BRIEF OF APPELLANT,
BRAD ALLEN DUNN**

**TO THE HONORABLE JUSTICES OF SAID COURT:**

NOW COMES BRAD ALLEN DUNN, Appellant in the above-styled and numbered cause and Appellant in the trial court, and, by and through appointed Counsel, files this his *Brief of Appellant* and respectfully reports to the Sixth Court of Appeals that no errors were found to have been committed

by the Trial Court relating to pretrial and evidentiary rulings during trial in Cause Number 14-0029X in the 71st Judicial District Court of Harrison County, Texas, before the Honorable Judge Brad Morin, Judge Presiding.

Following a review of the pre-trial proceedings, trial and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel seeks to withdraw here-from and has invited response hereto from the Appellant.

# PRELIMINARY STATEMENT OF THE NATURE OF THE CASE

The following dates are applicable to the case history in this matter:

| Event Date | Nature of Event | CR | RR |
|---|---|---|---|
| Dec. 5, 2013 | Counsel Appointed to Appellant | Pg. 10 | |
| Jan 22, 2014 | Indictment for Murder | Pg. 9 | |
| May 29, 2014 | Pretrial Hearing | | Vol. 2 |
| Mar 2, 2015 | Guilty Plea | | Vol. 3 |
| Mar 2, 2015 | Jury Selection (Punishment only) | | Vol. 3 |
| Mar 2, 2015 | Punishment trial begins | | Vol. 3 |
| Mar 5, 2015 | Punishment trial concludes | | Vol. 6 |
| Mar 5, 2015 | Appellant sentenced by trial court | | Vol. 6 |
| Mar 6, 2015 | Notice of Appeal filed | Pg. 197 | |

## STATEMENT OF POINTS OF ERROR

No points of error were identified following review of the record, and this Brief is submitted in compliance with the tenants of *Anders v. California*, 386 U.S. 738 (1967).

## STATEMENT OF FACTS

On or about December 1, 2013 in a local motel in Harrison County, Texas, Kari Dunn was stabbed to death. Appellant, BRAD ALLEN DUNN was subsequently arrested for the murder. Appellant entered a plea of "guilty" to the offense of murder and a jury trial was commenced to determine the appropriate punishment. After a three (3) day trial, the jury rejected Appellant's contention that the murder was the result of a "sudden passion" and returned a verdict and assessed Appellant's punishment at ninety-nine (99) years in the Texas Department of Criminal Justice – Institutional Division along with a $10,000.00 fine.

## BRIEF OF THE ARGUMENT

Following a review of the pre-trial proceedings, trial and judgment, no error, that was more than harmless error, was found that could be presented for review to the appellate court, and therefore, appointed counsel seeks to withdraw here-from and has invited response hereto from the Appellant.

## ARGUMENT AND AUTHORITY

Although Appellant entered a plea of guilty to the offense of murder as contained within, the indictment, it is the responsibility of Appellant's counsel to thoroughly review and analyze the record for not only preserved error but also fundamental error.

Grand Jury & Indictment:

Appellant was indicted for the offense of murder by a Harrison Grand Jury on January 22, 2014 (CR: pg 9). The indictment appears to be valid on its face and carries the signature of the purported foreperson of the grand jury. Tex. Code Crim. Proc., Art 21.02. The language of the indictment is consistent with the Sections 19.02(b)(1) of the Texas Penal Code. *Tex. Penal Code,* Section 19.02. The record is silent as to any challenge to the

composition of the grand jury leaving nothing as to the indictment or grand jury for review. *Tex. Code Crim. Proc.*, Art. 19.27.

Arraignment:

Arraignment was scheduled and then waived by written waiver signed by Appellant's counsel. (CR: pg 13); *Tex. Code Crim. Proc.*, Art. 26.01.

Pre-Trial Motions:

A myriad of pretrial motions were filed by Appellant's trial counsel in this cause. All pretrial motions proffered by the Appellant appear to have been either granted in their entirety or a compromised agreement was entered into by the Appellant and the State.

The trial court denied *"Defendant's Motion to Question Venire Individually Concerning Pre-trial Publicity"* (CR. 77) (RR. Vol 2, pg 12-22). However, individual voir dire being in the sole discretion of the trial court, there was (1) no attempt by the trial court during voir dire to limit counsel's right to question the voir dire panel concerning pre-trial publicity; and (2) no objection during voir dire by trial counsel showing harm for failure of the trial court to allow individual voir dire. No issue is preserved for appellate review.

Guilt/Innocence Trial:

On March 2, 2015, Appellant executed the following documents:

- Felony Waivers, Stipulation of Evidence and Judicial Confession (RR. Pg. 173);

- Written Felony Admonitions to Defendant.

All documents appear to be facially valid bearing the signature of the Appellant, all counsel of record and the trial court (RR. Pg. 175).

On March 2, 2015, the Appellant appeared before the 71st Judicial District Court and did enter a plea of "guilty" to the offense of murder as contained within the indictment. A review of the plea hearing reflects that there is no indication that any error occurred during this hearing. No objections were lodge by trial counsel during the hearing, and it appears that Appellant's plea of "guilty" was entered freely and voluntarily and all formalities and solemnities were observed. No error, if any, was preserved for review (RR. Vol. 3, pg. 6-14).

Punishment Trial:

On March 2, 2015, a trial was conduct before a jury on the issue of punishment. The State of Texas called ten (10) witnesses:

| Witness | Summary of Testimony | R.R. (Vol/Pg) |
|---|---|---|
| Brianna Dunn | The child of the Appellant and the decedent. She testified as to the factual events of Dec. 1, 2015. | Vol. 4/Pg. 38 |
| Natalie Mathis | A witness present at the hotel where the murder occurred. She testified as to the factual events of Dec. 1, 2015. | Vol. 4/Pg. 65 |
| Tyron Cato | A witness present at the hotel where the murder occurred. He testified as to the factual events of Dec. 1, 2015. | Vol. 4/Pg. 88 |
| David Stewart | A Texas Department of Public Safety Trooper who stopped the Appellant. He testified as to the factual events of the stop of the Appellant's vehicle. | Vol. 4/Pg. 107 |
| Sarah Hodges | A police officer with Marshall Police Department and a criminal investigator. Officer Hodges testified to the investigation of the crime scene including the introduction of the crime scene photographs and other physical evidence of the crime. | Vol. 4/Pg. 118 |
| Patrick Clayton | A police officer with Marshall Police Department and a criminal investigator. | Vol. 4/Pg. 167 |

| Witness | Summary of Testimony | R.R. (Vol/Pg) |
|---|---|---|
| | He testified to the investigation of the offense including cell phone evidence. | |
| Richard Kannel | An acquaintance/co-worker of the Appellant. He testified to, among other events, the content of a video he had taken of the Appellant during an argument. | Vol. 4/Pg. 218 |
| Kimberly Bobbitt | A relative (by marriage) of the Appellant. She testified to the contents of a voicemail received from the Appellant on the date of the murder. | Vol. 4/Pg. 236 |
| Cindy Kopecky | The mother of the victim. She testified to the effect the death of her daughter has had on her and the children. | Vol. 4/Pg. 242 |
| Henry Hunt, Jr. | The father of the victim. He testified to the effect of the death of his daughter has had on her and the children and other evidentiary matters. | Vol. 5/Pg. 7 |

The Appellant called six (6) witnesses including himself.

| Witness | Summary of Testimony | R.R. (Vol/Pg) |
|---|---|---|
| Keith Miller | Appellant's employer. Testified as to his work history. | Vol. 5/Pg. 22 |

| Witness | Summary of Testimony | R.R. (Vol/Pg) |
|---|---|---|
| Kirsten Doss | A relative to the Appellant. She testified to his relationship with his children and other evidentiary matters. | Vol. 5/Pg. 24 |
| Rebecca Ponder | A jail minister. She testified to her relationship with Appellant subsequent to the murder. | Vol. 5/Pg. 35 |
| Brad Dunn | The Appellant. He testified to a variety of evidentiary matters including, but not limited to, his life history, the events of December 1, 2013, its effect on him and his remorse. | Vol. 5/Pg. 134 |
| Frank Murphy | A psychiatrist. He testified to his evaluation of the Appellant, his findings and diagnosis. | Vol. 5/Pg. 134 |
| Craig Dunn | The father of the Appellant. He testified to the factual events leading up to the arrest of the Appellant. | Vol. 6/Pg. 5 |

Charge of the Court -- Punishment

No objections were lodged by trial counsel to the Charge of the Court.

(RR: Vol 6, page 11-12). No written requests were made by trial counsel for

instructions or definitions. No issues were preserved for appeal.

## Sentence

The sentence returned by the jury and subsequently imposed by the trial court was within the range allowed by law and was supported by the evidence. There is no error available to the Court for review.

## Judgment

The review of the judgment in this cause (CR. Pg. 208-209), reveals that the judgment appears to be facially valid. *Texas Code of Criminal Proc.* Art. 42.01.

## Factual/Legal Sufficiency General Analysis

In a sufficiency review, [the appellate court] shall view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App.2005).

The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness' testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App.1998).

The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses to, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986).

Reconciliation of conflicts in the evidence is within the jury's discretion and such conflicts alone will not call for reversal if there is enough credible evidence to support a conviction. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986).

An appellate court may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute its judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000).

Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

[The appellate court does] not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993);

*Harris v. State*, 164 S.W.3d 775, 784 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd.).

Factual/Legal Sufficiency As Applied to Punishment

This is a trial on the issue of punishment *only*. A review of the evidence for factual sufficiency is inappropriate with respect to the assessment of punishment. See *Bradfield v. State*, 42 S.W.3d 350, 351 (Tex. App.–Eastland 2001, pet. ref'd); *Kanouse v. State*, 958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.); *Flores v. State*, 936 S.W.2d 478, 479 (Tex. App.–Eastland 1996, pet. ref'd).

The general rule is that as long as a sentence is within the statutory range, it will not be disturbed on appeal. *Gerhardt v. State*, 935 S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no pet.).

Assistance of Counsel:

Appellant was appointed counsel on December 5, 2013. CR, at p. 10.

Following the filing of the indictment and during trial, Appellant had the benefit of counsel.

As previously stated, the indictment appears valid on its face, therefore, no cause existed to file a *Motion to Quash*.

This arrest appears to be based upon probable cause and a reasonable suspicion; therefore, no cause existed to file a *Motion to Suppress*.

All searches, if any, appear to be based upon either consent, subject to detention or arrest or based upon a lawfully obtained warrant; therefore, no cause existed to file a *Motion to Suppress*.

Appellant's counsel participated in all aspects of the trial from pretrial hearings, to the plea bargain presentment and hearing, to opening and closing statements and bench conferences. The Reporter's Record is replete with instances of appellant's counsel conducting direct and cross examination of witnesses, and proffering objections (RR: Vol. 3-6). Appellant's trial counsel participated in closing argument. (RR: Vol. 6, pg. 23).

Reviewing the record in its entirety, counsel provided "reasonably effective assistance" to Appellant (*Ex Parte Bratchett*, 513 S.W. 2d 851, 853 (Tex. Crim. App. 1974)), and there does not appear to be grounds for review for ineffective assistance of counsel.

Summary:

Following review and consideration of pre-trial and trial activities before the Trial Court, there are no points of reversible error found.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel for Appellant, BRAD ALLEN DUNN, respectfully requests and prays that this matter be considered by the Court and that appointed counsel be allowed to withdraw here-from and that this appeal be dismissed following the Appellant's opportunity to respond hereto; and further, Counsel respectfully requests and prays for any and all other relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

_____

**CRAIG A. FLETCHER**
Attorney for Appellant
110 S. Bolivar, Ste 210
Marshall, Texas 75670
TELEPHONE: (903) 503.7676
TELEFAX: (903) 503.7680
Email: craig@craigfletcherlaw.com
TBA # 00792506

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered by hand-delivery to the District Attorney, Harrison County, Texas, and to the Appellant, on September 14, 2015.

_____
CRAIG A. FLETCHER

## CERTIFICATE OF WORD COUNT

I, CRAIG A. FLETCHER, do hereby certify that the foregoing *Appellant's Brief for Brad Allen Dunn* does comply with the requirements for a brief preparation, to-wit:

FONT & Size:    SEGOE UI, 14 pt
COUNT:    2694 words

_____
CRAIG A. FLETCHER

NO. 06-15-00050-CR

IN THE COURT OF APPEALS

SIXTH COURT OF APPEALS DISTRICT

TEXARKANA, TEXAS

---

**BRAD ALLEN DUNN**
**Appellant**

**V.**

**STATE OF TEXAS**
**State**

---

**MOTION TO WITHDRAW**

---

TO THE HONORABLE COURT OF APPEALS

NOW COMES, CRAIG A. FLETCHER, court-appointed attorney for BRAD ALLEN DUNN, Appellant, and respectfully requests that he be allowed to withdraw from that representation in each case, and would show as follows, to-wit:

1. Counsel was appointed to represent Appellant after the sentencing hearing in this case.

2. Counsel has filed an Appellate Brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967). As counsel believes there are no meritorious issues for appeal, there is no need for continued representation by counsel.

3. Attached hereto as Exhibit "A" is a copy of a letter sent by certified mail return receipt requested to Appellant by Counsel. Counsel enclosed a copy of Appellant's Brief with this letter. Counsel is providing a copy of the record to Appellant. The letter informs Appellant of his right to file a *pro se* Brief, and to seek an extension of time to do so.

RESPECTFULLY SUBMITTED,

**CRAIG A. FLETCHER**
Attorney for Appellant
110 S. Bolivar, Ste 210
Marshall, Texas 75670
TELEPHONE: (903) 503.7676
TELEFAX: (903) 503.7680
Email: craig@craigfletcherlaw.com

By: _____
CRAIG A. FLETCHER
TBA # 00792506
Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Counsel's *Motion to Withdraw* was delivered (US Mail / Hand-Delivery / Tele-fax / Email) to the attorney for the state and mailed to:

BRAD ALLEN DUNN
TDCJ-ID 01988053
% Texas Department Criminal Justice
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

by depositing same, enclosed in postage paid, properly addressed wrapper, in a Post Office or official depository, under the care and custody of the United States Postal Service, or by other recognized means (hand-delivery) pursuant to the Rules of Appellate Procedure, on the date of filing hereof.

_____
CRAIG A. FLETCHER